UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **United States of America, ex rel. Devyn Taylor**, | 16 CV _____ |
| Plaintiff/Relator, | **FILED UNDER SEAL** Pursuant to 31 U.S.C. § 3730(b)(2) |
| v. | **COMPLAINT** For damages and other relief Under the False Claims Act |
| **GMI Corporation**, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

1. This is a *qui tam* action brought under the False Claims Act, 31 U.S.C. § 3729, et seq. ("FCA" or the "Act") to recover damages and civil penalties on behalf of the United States of America ("United States"), and on behalf of relator Devyn Taylor ("Taylor" or "Relator"), arising out of the false claims of defendant GMI Corporation ("GMI" or "Defendant"), regarding the value of shoes and footwear imported from China, India and Viet Nam into the United States. These false claims enabled GMI to underreport the "entered value" of imported goods and thereby wrongfully reduce GMI's obligations to pay statutory Customs duties to the United States.

2. Upon information and belief, based on Relator's conversations with other employees of GMI, as well as, her own observations as an employee of GMI,

GMI has engaged in the above practice from at least as early as 2008 to at least as late as the filing of this complaint.

3. As a result of the foregoing, the United States has suffered economic losses, the precise amount of which will be determined at trial.

## PARTIES AND ENTITIES

4. The United States, through the Department of Homeland Security, U.S. Customs and Border Protection agency ("Customs"), is the real party-plaintiff in interest in this action. Custom's headquarters are located at 1300 Pennsylvania Avenue, NW, Washington, DC. 20229.

5. GMI licenses rights to manufacture and sell True Religion, Tommy Bahama, Ben Sherman and 7 For All Mankind branded men's and women's shoes, sneakers, boots, and sandals in adult and children's sizes internationally. It also distributes Levi's branded footwear in Europe, the Asia-Pacific, and the United States. GMI's headquarters are based in Casciago, Italy. Its offices in the United States are located at 231 W. 39th Street, Rm 500 New York, NY 10018.

6. Relator was employed by GMI as a Production Manager in GMI's New York City office for approximately seven months in 2016, and is a resident of the State of Connecticut. Relator has first-hand knowledge of, and participated in, certain practices and transactions that are encompassed within the allegations of this complaint.

## JURISDICTION AND VENUE

7. The court has subject matter jurisdiction over the FCA claims alleged in this complaint under 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as plaintiff), as well as, 31 U.S.C. § 3732(a) (False Claims Act).

8. The court has personal jurisdiction over Defendant pursuant to 31 U.S.C. § 3732(a) because Defendant can be found, resides, or transacts business in this district. Section 3732(a) further provides for service of process at any place within or outside the United States.

9. Venue is proper in this district pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391 because Defendant can be found, resides, and transacts business in this district; an act proscribed by 31 U.S.C. § 3729 occurred within this district; and a substantial part of the events or omissions giving rise to the claims alleged in this complaint occurred in this district.

## FCA SUBJECT MATTER JURISDICTION

10. Upon information and belief, none of the subject matter or other jurisdictional bars set forth in the FCA is applicable to this action.

11. Upon information and belief, prior to any "public disclosure" (as defined by the FCA), Relator voluntarily disclosed to the United States Attorney's Office for the Southern District of New York on, and before, August 23, 2016, the information on which the allegations or transactions in this complaint are based.

12. Through her employment by GMI, Relator is an "original source" of the information on which her allegations are based, within the meaning of the FCA.

13. Prior to filing this action, on and before August 29, 2016, Relator voluntarily disclosed to the United States Attorney's Office for the Southern District of New York the information on which the allegations or transactions in this complaint are based.

## LIABILITY UNDER THE FCA

14. The FCA, 31 U.S.C. § 3729, provides that a person is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410), plus three times the amount of damages which the Government sustains because of an act of that person, if, among other things, the person knowingly: (1) submits a false or fraudulent claim to the United States; (2) makes a false statement or uses a false record material to a false or fraudulent claim to the United States; (3) retains funds that the person knows are owed to United States or (4) conspires to commit one of the aforesaid violations of the FCA.

15. 31 U.S.C. § 3729(a)(1)(G) expressly creates liability under the FCA where a person: "knowingly makes, uses, or causes to be made or used, a false

record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."

## CUSTOMS DUTIES LAWS AND REGULATIONS

16. Title 19, United States Code, Section 1484 requires importers to enter merchandise with Customs to enable Customs, *inter alia,* to properly assess duties on the merchandise. The form used to enter merchandise is the CBP Form 7501 ("entry/entry summary").

17. Importers are required to submit a commercial invoice and an Interim Footwear Invoice ("IFI") with each shipment. See 19 C.F.R. § 141.81 and 19 C.F.R. § 141.89, respectively. The commercial invoice is required to contain a full description of the merchandise along with quantity and price or value of the merchandise. 19 C.F.R. § 141.86. This information is necessary and material to Customs valuation of the imported merchandise, on which Customs duties are calculated. The IFI requires the importer to, among other things, correctly identify the materials used to construct imported footwear, including the so-called "upper." See IFI form, item 3. This information is used to assign the proper duty rate to the goods. For example, a shoe with a textile upper is assessed a duty of 9% of the value of the shoe. Whereas, a shoe with a rubber/plastic upper is assessed a duty of 20% of the value of the shoe plus 90 cents.

18. Providing Customs with a false invoice and IFI that understates the value of the merchandise and declaring that value on CBP Form 7501 is a false claim that is actionable under 31 U.S.C. § 3729(a)(1)(G) which makes a person liable who:

> knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

31 U.S.C. § 3729(a)(1)(G).

19. Defendant became liable under 31 U.S.C. § 3729(a)(1)(G) by submitting, or causing to be submitted, false invoices and IFIs to Customs that understated the value of imported merchandise.

20. Defendant is also liable under 31 U.S.C. § 3729(a)(1)(C), which creates liability for a person who "conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G)."

## FACTUAL ALLEGATIONS

21. Defendant has been, and on information and belief, is still falsely underreporting to Customs on a CBP Form 7501 the Total Entered Value of apparel goods imported into the United States from China, India and Viet Nam.

22. Among other things, Defendant accomplishes this by knowingly filling out and submitting IFIs for imported shoes that mischaracterize them as having "textile uppers" when in fact they have "rubber/synthetic uppers."

23. Defendant's management has expressly directed employees responsible for designating imported goods and merchandise to misclassify imported shoes and footwear in this manner.

24. Defendant has been assisted in making these false representations to Customs by, among others, customs broker Michael R. Stano & Co. Inc. and the shoe manufacturing factories in China.

25. As a specific example, in connection with the importation of a shipment of Mens Vaughn Boot Athletic Shoes, style number, BN6F00018, Defendant initially filled out an IFI that correctly checked the box indicating the upper was predominantly "rubber and/or plastic" but then whited out that check mark out and falsely checked the box indicating the upper was predominantly "textile materials."

## COUNT I

### (Concealment of Obligation to Pay Statutory Duties)

26. Relator realleges and incorporates all allegations in this complaint as though fully set forth herein.

27. The FCA imposes liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3129(a)(1)(G). By falsely undervaluing imports of shoes and footwear that are subject to Customs duties, Defendant knowingly avoided and concealed its obligation to pay the full statutory duties imposed on those imports and caused the United States to suffer actual damages.

## COUNT II

### (Conspiracy to Avoid Obligation to Pay Statutory Duties)

28. Relator realleges and incorporates all allegations in this complaint as though fully set forth herein.

29. The FCA imposes liability on any person who "conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G)." 31 U.S.C. § 3129(a)(1)(C). By conspiring to falsely undervalue imported shoes and footwear that are subject to Customs duties and avoid its obligation to pay the full statutory

duties imposed on those imports, Defendant caused the United States to suffer actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Relator, acting on behalf of, and in the name of, the United States pursuant to 31 U.S.C. § 3731(b), demands and prays that judgment be entered in favor of the United States against Defendant as follows:

1.  For treble the amount of the United States' damages, plus the maximum statutory penalties for each false claim or false statement;

2.  For all costs of this civil action; and

3.  For prejudgment interest and for such other and further relief as the Court deems just and equitable.  And further

Relator, on her own behalf, demands and prays that an award be made in her favor as follows: for 25 percent (25%) of the proceeds collected by the United States if it intervenes in and conducts this action, or for 30 percent (30%) of the proceeds if the United States does not intervene; for an amount for reasonable expenses necessarily incurred by Relator in prosecution of this action; for all reasonable attorneys' fees, expenses and costs incurred by Relator; and such other and further relief to which Relator is entitled.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Relator demands that this case be tried before a jury.

Dated:  September 15, 2016
          New York, NY

                                          /s/ Timothy J. McInnis
                                          Timothy J. McInnis, Esq. [7151]
                                          McInnis Law
                                          521 5th Avenue, 17th Floor
                                          New York, NY 10175-0038
                                          Tel. (212) 292-4573
                                          Fax (212) 292-4574
                                          tmcinnis@mcinnis-law.com

                                          *Attorneys for Relator*