```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED  STATES  OF  AMERICA  ex  rel.,   :
DEVYN TAYLOR,                                            :      16-CV-7216 (RWL)
                                                         :
                          Plaintiff,                     :
                                                         :      ORDER
          - against -                                    :
                                                         :
GMI USA CORP., BELOVEFINE, LTD., and                     :
STEFANO MARONI,                                          :
                                                         :
                          Defendants.                    :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff-Relator Devyn Taylor ("Taylor" or "Plaintiff") filed this action against Defendants GMI USA Corp. ("GMI"), Belovefine, Ltd. ("Belovefine"), and Stefano Maroni ("Maroni"), under the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq., to recover damages and civil penalties on behalf of the United States and herself.  On March 13, 2025, the Court granted partial summary judgment in Taylor's favor on certain liability issues.  (Dkt. 116.)  Specifically, the Court found no material issue of disputed fact as to elements of obligation and materiality, but that Taylor had not satisfied her burden to obtain summary judgment on the elements of false statement or record and causation.

In opposition to Taylor's summary judgment motion, Maroni submitted 10 exhibits that were not disclosed during discovery (the "Undisclosed Documents").  Maroni provided no explanation for his failure to produce the Undisclosed Documents, and the Court found that it could not consider any of the Undisclosed Documents as summary judgment evidence.  The Court also found, however, that even if it were to consider the Undisclosed Documents, they would be immaterial to the summary judgment motion

1

because they largely go to disproving Maroni's knowledge and involvement in the alleged scheme, an issue on which Taylor expressly did not move for summary judgment.

On March 21, 2025, Maroni filed a motion for reconsideration (the "Motion"). (Dkt. 117.) Maroni does not ask for reconsideration of the Court's summary judgment ruling. Rather, he seeks reconsideration for the purpose of allowing admission of the Undisclosed Documents at trial. (Motion at Request For Relief A.) Maroni asserts that admission of the Undisclosed Documents is warranted because: (1) his attorney withdrew as counsel "before submitting key documents and evidence in Defendant's possession"; (2) his attorney withdrew as counsel before Maroni filed his opposition and, so, when Taylor filed her arguing that Maroni's newly submitted exhibits as inadmissible, Maroni was not aware that he "was required" to respond; (3) Maroni did not intentionally withhold the documents; (4) the documents are essential to his defense; (5) he is entitled to leniency because he is pro se; and (6) admission of the evidence will not prejudice Taylor as she has had time to review the evidence. (*See* Motion ¶¶ 1-8.)

To be clear, the Court's ruling on the Undisclosed Documents was specific to the summary judgment motion; the Court did not rule on their admissibility for trial. Accordingly, there is nothing for the Court to "reconsider." The Court therefore construes Maroni's motion as either (1) a motion to reopen discovery for the limited purpose of producing the Undisclosed Documents and allowing Taylor the opportunity to depose Maroni specifically about those documents (*see* Motion ¶ 7 (urging that "any potential inconvenience can be mitigated by allowing Plaintiff an opportunity to respond before trial")); or (2) a motion in limine to permit admission of the Undisclosed Documents.

2

Plaintiff shall file any opposition to the motion by **April 7, 2025**. Maroni shall file any reply by **April 17, 2025**.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  March 24, 2025
         New York, New York

Copies transmitted this date to all counsel of record.