```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED  STATES  OF  AMERICA  ex  rel.,   :
DEVYN TAYLOR,                             :        16-CV-7216 (RWL)
                                          :
                   Plaintiff,             :
                                          :            ORDER
         - against -                      :
                                          :
GMI USA CORP., BELOVEFINE, LTD., and      :
STEFANO MARONI,                           :
                                          :
                   Defendants.            :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the admissibility of the 10 documents Defendant Stefano Maroni produced after the close of discovery.

## Background

Plaintiff-Relator Devyn Taylor filed this action against Defendants GMI USA Corp. ("GMI"), Belovefine, Ltd. ("Belovefine"), and Stefano Maroni ("Maroni"), under the False Claims Act ("FCA"), 31 U.S.C. § 3729, et seq., to recover damages and civil penalties on behalf of the United States and herself.[1]  In short, Taylor alleges that Defendants engaged in a scheme to falsify import duty codes and misdescribe the characteristics of imported shoes in order to reduce the import duties for the shoes.  On March 13, 2025, the Court granted partial summary judgment in Taylor's favor on certain liability issues.  (Dkt. 116.)  Specifically, the Court found no material issue of disputed fact as to the elements of obligation and materiality, but that Taylor had not satisfied her burden to obtain summary judgment on the elements of false statement or record and causation.

---

[1] The two corporate Defendants have defaulted by virtue of not having retained new counsel following withdrawal of previous counsel.

1

In opposition to Taylor's summary judgment motion, Maroni submitted 10 exhibits that were not disclosed during discovery (the "Undisclosed Documents"). (*See* Dkt. 104.) Maroni provided no explanation for his failure to produce the Undisclosed Documents, and the Court found that it could not consider any of the Undisclosed Documents as summary judgment evidence. The Court also found, however, that even if it were to consider the Undisclosed Documents, they would not be material to the summary judgment motion because they largely go to disproving Maroni's knowledge and involvement in the alleged scheme, an issue on which Taylor did not move for summary judgment.

On March 21, 2025, Maroni filed a motion for reconsideration (the "Motion"). (Dkt. 117.) Maroni did not ask for reconsideration of the Court's summary judgment ruling. Rather, he sought reconsideration for the purpose of allowing admission of the Undisclosed Documents at trial. Maroni asserted that admission of the Undisclosed Documents was warranted because: (1) his attorney withdrew as counsel before "submitting key documents and evidence in Defendant's possession"; (2) Maroni was proceeding pro se when Taylor filed her Reply arguing that Maroni's newly submitted exhibits were inadmissible, so Maroni was not aware that he "was required" to respond; (3) Maroni did not intentionally withhold the documents; (4) the documents are essential to his defense; (5) he is entitled to leniency because he is pro se; and (6) admission of the evidence will not prejudice Taylor as she has had time to review the evidence. (*See* Motion ¶¶ 1-8.)

On March 24, 2025, the Court issued an order explaining that the Court's ruling on the Undisclosed Documents was specific to the summary judgment motion; the Court did

2

not rule on their admissibility for trial.  (Dkt. 118.)  Accordingly, there was nothing for the Court to reconsider.  The Court therefore construed Maroni's Motion as either (1) a motion to reopen discovery for the limited purpose of producing the Undisclosed Documents and allowing Taylor the opportunity to depose Maroni specifically about those documents (*see* Motion ¶ 7 (urging that "any potential inconvenience can be mitigated by allowing Plaintiff an opportunity to respond before trial")); or (2) a motion in limine to permit admission of the Undisclosed Documents.

Treating Maroni's Motion as a motion in limine, Taylor filed an opposing brief and affirmation with exhibits. (Dkts. 124-25.)  Of the 10 Undisclosed Documents, Taylor does not contest the admissibility of six of them based on Maroni's failure to disclose them before the close of discovery.  (Dkt. 124 at 4-5.)  Taylor does, however, object to the remaining four documents (the "Contested Documents"), and any testimony about them.  The Contested Documents consist of the following items, referenced by the exhibit number or letter Maroni ascribed to it in opposing summary judgment.  Exhibits 4 and 8 are, respectively, a third-party lab report regarding the composition of a particular shoe style, and an email from Grace Greenstein (an employee of the corporate Defendants) referencing an attached report from the same lab.  Both documents are dated early January 2019 and suggest that certain shoe styles did not have "foxing," a characteristic that affects the import duties charged for the shoes.[2]  Exhibit 14 is an email from Jessie Gong (an employee of the corporate Defendants) to Maroni, dated October 3, 2024, stating that Maroni always instructed his employees to use the correct duty codes.  Finally,

---

[2] Taylor suggests that the lab reports are undisclosed expert material.  Maroni did not offer anyone as an expert, and the Court does not view the lab as such. Regardless, as discussed below, failure to disclose factual material and experts raise similar concerns.

3

Exhibit A is an unidentified photograph of two partially deconstructed shoes. (*See* Dkt. 124 at 4-5.)

As alternative relief to exclusion of the four Contested Documents, Taylor requests that the Court (1) grant leave for Taylor to depose Maroni, Greenstein, Gong, and one or more representatives from the third-party lab, Consumer Testing Laboratories, Inc. ("CTL"), as to the substance, creation, and maintenance of the Contested Documents, with costs of the depositions to be borne by Maroni; (2) order Maroni's withdrawn counsel to submit an affidavit explaining why the 10 Undisclosed Documents (other than the later-created Gong email dated October 2024) were not identified prior to the close of discovery; and (3) order Maroni to supplement Defendants' initial disclosures and responses to discovery demands to include (a) all documents Maroni marked for identification but did not cite or attach to his opposition to Taylor's summary judgment motion (including documents marked Exs. 1-3, 6, and 9-10); (b) all emails requested by Taylor; and (c) all outstanding documents responsive to Taylor's demand for records relating to the Government's investigation of Taylor's qui tam allegations and subsequent settlement with Samsung (i.e., Taylor's First Document Demands No. 16, 17, 18, 20); and (d) order Maroni to pay Taylor's costs of opposing the instant motion. (Dkt. 124 at 14-15.)

Maroni replied on April 15, 2025. (Dkt. 129.) Taylor filed a short sur-reply letter (Dkt. 130), and Maroni filed a short letter response (Dkt. 131).

Trial is scheduled to begin on November 12, 2025. (Dkt. 128.)

4

## Discussion

Both parties recognize that allowing admission of the four Contested Documents without the opportunity for Taylor to take discovery about them would be unfair and prejudicial to Taylor.  The Court agrees.  While the six Undisclosed Documents that Taylor does not contest are likely of little significance, at least two (the two lab report related documents), and perhaps three (the photograph), Contested Documents appear salient as they go to whether in fact certain shoes had a characteristic (foxing) that materially affected the import duties owed.  The fourth document is also significant because it indicates that employee Gong, previously undisclosed, may testify that she used, and Maroni always instructed her to use, the correct custom codes.  So, the issue at hand is whether discovery should be reopened for the purpose of allowing Maroni to offer the Contested Documents as evidence at trial and providing Taylor an opportunity for discovery about them (and any other undisclosed documents).  Doing so requires modifying the scheduling order, pursuant to which discovery closed months ago.

The Court has discretion to modify a scheduling order provided the party seeking the modification shows good cause.  *See* Fed. R. Civ. P. 16(b)(4).  The "good cause" inquiry turns principally on the diligence of the party seeking to modify the scheduling order. *Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000).  Additional factors also may be considered.  Courts thus have taken into account "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6)

5

the likelihood that the discovery will lead to relevant evidence." *Jacobs v. N.Y.C. Department of Education*, 2015 WL 7568642, at *3-4 (E.D.N.Y. Nov. 24, 2015); *Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52-54 (S.D.N.Y. 2020) (quoting *Jacobs* and applying the factors). Likewise, if a party fails to disclose information or identify a witness, including an expert witness, as required by the federal rules of disclosure, the party is not allowed to use that information or witness as evidence "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Chamberlain v. City of White Plains*, 960 F.3d 100, 117 (2d Cir. 2020). The Court may also impose additional or alternative sanctions. Fed. R. Civ. P. 37(c)(1).

The largest obstacle for Maroni is his lack of diligence. The Contested Documents should have been produced during the discovery period as they were indisputably responsive to Taylor's requests. As an excuse, Maroni contends that he is pro se and that his attorney withdrew "before submitting key documents and evidence in Defendant's possession" and before Maroni responded to Taylor's summary judgment motion. (Motion ¶ 1.). The problem with that argument is that Taylor was represented by counsel all the way through discovery. Indeed, in moving to withdraw, Maroni's attorney represented that "fact discovery has come to a close." (Dkt. 71-1 ¶ 6.) The Court and Taylor relied on that representation. Maroni presumably had incentive to produce documents that were helpful to his defense, and he professes that he did not intentionally withhold the Contested Documents. But Maroni offers no explanation for why the Contested Documents, which he describes as "essential" to his defense, were not previously located and produced. The Court thus finds that Maroni was not diligent. For

the same reasons, the Court cannot conclude that failure to produce the documents during discovery was substantially justified.

Other factors are mixed. First, the case is scheduled for trial. But over five months are available between now and then. That is a substantial amount of time and should be more than sufficient for some limited additional discovery and preparation for trial. Second, Taylor opposes Maroni's motion, but she recognizes the availability of alternative relief if exclusion is not granted outright.

Third, Taylor claims she would be prejudiced to the extent that the additional discovery would require additional expense. The Court believes that concern is overblown. Even if the added discovery had taken place during the discovery period, Taylor would have incurred additional expense for most of what she seeks – depositions of at least three new witnesses. The same would be true with respect to a second deposition of Maroni to the extent questioning Maroni about the Contested Documents is incremental. The Court recognizes, however, there would be some modest cost saving to Taylor if such questioning could have been completed during Maroni's previous deposition rather than bringing him back for another day. Taylor also asserts she will be prejudiced by diversion of her attorneys' attention to the additional discovery and away from trial preparation. But as noted above, trial is more than five months away. Overall, the prejudice to Taylor of taking additional discovery is minimal.[3]

---

[3] The other two factors mentioned above – foreseeability of the discovery needed and likelihood of discovering relevant evidence – are not particularly apt here. There is no dispute that the discovery sought – to address the Undisclosed Documents – could not have been foreseen by Taylor, and there is no dispute that the discovery sought is germane to the Undisclosed Documents. As explained above, the question is whether Maroni's Undisclosed Documents, which necessarily merit discovery by Taylor, should be excluded, not whether Taylor should be entitled to reopen discovery over Maroni's objection.

## Conclusion

Taking all relevant factors together, and notwithstanding Maroni's lack of diligence, the Court orders as follows:

1. The 6 Undisclosed Documents (Exhibits 5, 7, 11, 12, 13, 15) for which Taylor does not contest admissibility based on Maroni's failure to timely disclose will not be excluded on that basis (although all other objections are reserved).

2. Exhibit 14 (the Gong Oct. 3, 2024 email) is excluded as essentially being an unsworn affidavit from an undisclosed witness.

3. Exhibits 4 (CTL lab report), 8 (Greenstein email), and A (photograph) will not be excluded on the basis that they were untimely produced (although all other objections are reserved).

4. To the extent Maroni has possession, custody, or control of any additional documents (including but not limited to what Maroni may have marked as exhibits 1-3, 6, and 9-10; emails; and documents related to the Government investigation) responsive to Taylor's requests **or** that Maroni intends to rely on for trial, Maroni must produce them to Taylor no later than **June 6, 2025**, regardless if the documents are helpful or hurtful to Maroni. Maroni will be precluded from introducing any documents not produced in compliance with this order.

5. Taylor may take the depositions of Greenstein, Gong, CTL, and Maroni to address the Undisclosed Documents (including Gong's email) and any other untimely produced documents. Maroni shall cooperate in making witnesses available. Depositions shall be completed by **July 15, 2025**.

6. Maroni shall pay the cost of the court reporter for his deposition. The parties shall split the court reporter costs for the depositions of Greenstein, Gong, and CTL. Maroni is not required to pay Taylor's attorney's fees in connection with the depositions.

7. Taylor's remaining alternative requests are denied.

To the extent not discussed above, the Court has considered the parties' arguments and found them to be either moot or without merit.

The Clerk of Court is respectfully requested to terminate the motion at Dkt. 117

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 27, 2025
      New York, New York

Copies transmitted this date to all counsel of record.