UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA *ex rel.*,
DEVYN TAYLOR,                                              :    16-CV-7216 (RWL)
                                                           :
                      Plaintiff,           :
                                                           :    **ORDER**
        - against -                                  :
                                                           :
GMI USA CORP., BELOVEFINE, LTD., and   :
STEFANO MARONI,                                       :
                                                           :
                   Defendants.      :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On July 9, 2024, the Clerk of Court issued certificates of default for the two defendant corporate entities GMI USA Corp. and Belovefine, Ltd. (Dkt. 94.) On October 17, 2025, the case was voluntarily dismissed as to the sole individual defendant. (Dkt. 166.) Plaintiff has indicated that she will seek default judgment against the defaulting entities. (Dkt. 167.) Accordingly, by **November 20, 2025**, Plaintiff shall move – by order to show cause – for default judgment in compliance with the following:

    1.  **Required Submission:** Plaintiff shall file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default judgment. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount.

    2.  **Proposed Findings of Fact:** Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figure to the legal claim(s) on which liability has been established; should demonstrate how Plaintiff arrived at the proposed damages figure; and should be supported by one or more affidavits, which may attach any

1

documentary evidence establishing the proposed damages. Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavit(s) and or page of documentary evidence that supports each such Proposed Finding. Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish that the Court has both personal jurisdiction over the defendants, and jurisdiction over the subject matter. To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the complaint.

3. **Attorneys' Fees:** Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Counsel should also provide the number of years they have been admitted to the bar, their hourly rate, and any information supporting the reasonableness thereof. The Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorneys' fees, including why, if applicable, the number of attorneys involved are entitled to fees.

4. **Memorandum of Law:** In lieu of conclusions of law, Plaintiff may submit a memorandum of law setting forth the legal principles applicable to Plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees).

5. **Defendants' Response:** Defendants shall send to Plaintiff's counsel and file with the Court their response, if any, to Plaintiff's motion no later than **December 4, 2025**.

6. **Hearing:** In the event the Court grants default judgment, the Court may conduct an inquest on damages based solely upon the written submissions of the parties. See *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

7. **Service:** Service of this Order shall be made no later than 3 business days following entry. Service of the documents to be filed and served by Plaintiff on Defendants shall be made no later than 3 business days following filing, pursuant to methods of service previously approved by the Court in this case. Plaintiff shall file proofs of service of same no later than 3 business days following the date of service.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 20, 2025
      New York, New York

Copies transmitted this date to all parties.